IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE DINWIDDIE, # N-08328, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:12-cv-00742-MJR |
| | ) |
| TONI ISOOCS, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

Reagan, District Judge:

Plaintiff, currently civilly confined at Big Muddy Correctional Center ("BMCC"), has brought this *pro se* civil rights action pursuant to **42. U.S.C. § 1983**. Plaintiff is classified as a "sexually dangerous person" and confined at BMCC under the Sexually Dangerous Persons Act, **725 Ill. Comp. Stat. § 205/0.01 et seq**. ("SDP Act"). Under the SDP Act, "[p]ersons charged with sex offenses in Illinois may be diverted before trial to civil confinement, if a mental illness of at least one year's duration led to the criminal conduct." *Allison v. Snyder*, **332 F.3d 1076, 1078 (7th Cir. 2003).** "Those who complete treatment successfully are released and the criminal charges dismissed." *Id.* Persons civilly confined under the SDP Act are deemed to be pretrial detainees, not convicted prisoners. *See id.* **at 1078-79.**

Plaintiff claims that Defendant Toni Isoocs, a psychological therapist at BMCC, violated his constitutional rights when he punished Plaintiff by suspending him from the mental health treatment program at BMCC. Plaintiff claims his right to Due Process was violated by the suspension because the only method of obtaining release from civil confinement is through participation in the mental health treatment program.

1

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Isoocs for a violation of Plaintiff's Due Process rights (Count 1).

**Disposition**

The Clerk of Court shall prepare for Defendant Isoocs: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* F̲ED̲. R. C̲IV̲. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 16, 2012.**

<u>s/ Michael J. Reagan</u><br>
Michael J. Reagan<br>
United States District Judge