IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEVE DINWIDDIE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.   12-cv-742-MJR-SCW |
| | ) |
| **TONI ISAACS,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court is Defendant Isaacs'[1] Motion to Vacate Default (Doc. 20). Defendant seeks to vacate the clerk's entry of default entered against him on November 13, 2012 (Doc. 12). Plaintiff has not responded to the motion, but had previously filed a motion for default judgment (Doc. 15) which is still pending. Based on the following, the Court **GRANTS** Defendant Isaacs' motion (Doc. 20), **VACATES** the entry of default against Defendant (Doc. 12), and **FINDS AS MOOT** Plaintiff's motion for default judgment (Doc. 15).

Plaintiff filed his Complaint on June 26, 2012 pursuant to 42 U.S.C. § 1983, alleging that Defendant Isaacs has violated his due process rights by suspending Plaintiff from the mental health program at Big Muddy Correctional Center, a program which is Plaintiff's only avenue through which he can be released from civil confinement under the **Sexually Dangerous Persons Act, 725 Ill.Comp.Stat. §205/0.01 et seq.** (Doc. 6). The record shows that a request for waiver of service was sent to Defendant on August 16, 2012 (Doc. 7). That waiver was returned executed on August 24, 2012 and Defendant's Answer was due on October 15, 2012 (Doc. 8). Defendant did not file an

---

[1] Defendant Toni Isaacs indicates that although he was initially sued as Toni Isoocs, his actual name is Toni Isaacs. Thus, the Court **INSTRUCTS** the Clerk to make the proper changes to the docket in order to reflect Defendant Isaacs' proper name.

Answer and Plaintiff sought an entry of default from the Clerk of Court on November 9, 2012 (Doc. 11). The Clerk made an entry of default on November 13, 2012 (Doc. 12). The Court also construed Plaintiff's request for entry of default as a motion for default judgment and denied that portion of the motion for not complying with **LOCAL RULE 55.1(a).** The Court also sent the required notices under the Local Rules to Defendant Isaacs (Doc. 14). Plaintiff re-filed his motion for default judgment on December 27, 2012 (Doc. 15). That motion is still pending.

On February 27, 2013, counsel for Defendant entered his appearance and filed a motion to vacate the entry of default (Docs. 19 & 20). Defendant sought to vacate the entry of default against him. Defendant explained that when he received Plaintiff's Complaint he requested that IDOC provide his defense, but that request was not properly tendered to the Illinois Attorney General's Office so that no one entered their appearance on Defendant's behalf. Defendant also claims that he has a meritorious defense to Plaintiff's claims.

**FEDERAL RULE OF CIVIL PROCEDURE 55(c)** provides that "[f]or good cause shown the court may set aside an entry of default…" "In order to vacate an entry of default the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, **28 F.3d 42, 45 (7th Cir. 1994);** *Cracco v. Vitran Express, Inc.*, **559 F.3d 625, 630-31 (7th Cir. 2009).** The test for setting aside an entry of default is the same as the test for setting aside a default judgment, but it is applied more liberally. *Cracco*, **559 F.3d at 631;** *United States v. Di Mucci*, **879 F.2d 1488, 1495 (7th Cir. 1989).** Default judgments are generally disfavored as a trial on the merits is preferred. *Id.* **at 631.**

Here, the Court finds that Defendant Isaacs has shown good cause for the default. Defendant states that upon receiving Plaintiff's Complaint he asked for representation from IDOC but that request did not cause the Attorney General to enter its appearance on behalf of Defendant.

Further, Defendant indicates that he has a meritorious defense to Plaintiff's Complaint and, in fact, has filed a motion to dismiss Plaintiff's Complaint (Doc. 21). The Court also notes that Plaintiff did not respond to Defendant's motion to vacate the entry of default. Accordingly, the Court **GRANTS** Defendant's motion to vacate (Doc. 20) and **VACATES** the entry of default made against him on November 13, 2012 (Doc. 12). In light of the vacated entry of default, the Court **FINDS AS MOOT** Plaintiff's motion for default judgment (Doc. 15).

    **IT IS SO ORDERED**.

    DATED: March 19, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge